**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LORRAINE LARSON, EXECUTRIX OF THE   :
ESTATE OF GLADYS BYCZAJKA,           :
       Plaintiff,                     :
                                   :
v.                                :        7:08-cv-455 (WWE)
                                   :
BRIGHTEN GARDENS,              :
       Defendant.                 :

**RULING ON DEFENDANT'S MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

This action stems from plaintiff's claims that defendant's negligence caused injuries to plaintiff's decedent, Gladys Byczajka.  Defendant moves for judgment on the pleadings pursuant to rule 12(c) of the Federal Rules of Civil Procedure because of plaintiff's failure to file a certificate of good faith and expert opinion letter with her complaint.  Now pending before the Court is defendant's motion for judgment on the pleadings (Doc. #17).

The Court has jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. § 1332.

**BACKGROUND**

Defendant Brighten Gardens is a senior living and assisted living facility located in Stamford, Connecticut run by Sunrise Senior Living, Inc.  Byczajka moved into defendant's facility prior to March 2006.  On March 4, 2006, plaintiff Byczajka fell while in the bathroom and injured her hip.  Plaintiff claims that defendant's employees did not respond to decedent's calls for assistance made through a call button worn around her neck.  Decedent's injuries, plaintiff alleges, were caused by defendant's inadequate staffing and supervision and defendant's failure to respond to plaintiff's calls for help.

1

Plaintiff's complaint was filed on March 7, 2008 in Connecticut Superior Court. Defendant removed this action to this Court on March 28, 2008.

## DISCUSSION

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  The Court must "assess the legal feasibility of the complaint," rather than "assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  The Court must also accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S. Ct. 2931, 171 L. Ed. 2d 863 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

Count I of the complaint sounds in negligence and alleges that Byczjaka fell while at defendant's Stamford, Connecticut facility and sustained personal injuries. Count III alleges that defendant's conduct caused decedent emotional distress.  Count IV alleges a breach of contract based on the same factual allegations as Count I.

Section 52-190a(a) of the Connecticut General Statutes provides that where a

plaintiff asserts a claim for personal injury or wrongful death resulting from the

negligence of a health care provider, the complaint:

> shall contain a certificate of the attorney or party filing the
> action ... that such reasonable inquiry gave rise to a good
> faith belief that grounds exist for an action against each
> named defendant....  To show the existence of such good
> faith, the claimant or the claimant's attorney ... shall obtain a
> written and signed opinion of a similar health care provider
> ... that there appears to be evidence of medical negligence
> and includes a detailed basis for the formation of such
> opinion.

This provision is meant "to evidence a plaintiff's good faith derived from the

precomplaint inquiry.  It serves as an assurance to a defendant that a plaintiff has in

fact made a reasonable precomplaint inquiry giving him a good faith belief in the

defendant's negligence."  LeConche v. Elligers, 215 Conn. 701, 711 (1990).  Failure to

obtain and file such a certificate is grounds for dismissal of such an action.  Conn. Gen.

Stat. § 52-190a(c).

Section 52-190a looks past the words of the plaintiff's complaint to determine

whether the claim is truly one of ordinary negligence or one for medical malpractice.

Simply referring to a claim as "negligence" is not a shibboleth to avoid meeting the

requirements of section 52-190a.  See Trimel v. Lawrence & Mem'l Hosp. Rehabilitation

Ctr., 61 Conn. App. 353, 357 (2001).

Professional malpractice is the "the failure of one rendering professional services

to exercise that degree of skill and learning commonly applied under all the

circumstances in the community by the average prudent reputable member of the

profession with the result of injury, loss, or damage to the recipient of those services"

and is a particular type of negligence.  Santopietro v. City of New Haven, 239 Conn.

207, 226 (1996).  Medical malpractice "presupposes some improper conduct in the treatment or operative skill or the failure to exercise requisite medical skill."  Trimel, 61 Conn. App. at 358.  To distinguish between ordinary negligence and medical malpractice requires the court to examine "whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment."  Id.

Plaintiff's allegations can be classified into two types.  First, there are allegations of defendant's failure to supervise decedent while she was in the bathroom and then failing to conduct regular checks of plaintiff's status.  These allegations are grounded in defendant's medical judgment of the type of care to be provided to plaintiff.  The second type of allegation is that defendant was negligent in not responding to plaintiff's call button.

The first type of claim mirrors those from Levett v. Etkind, 158 Conn. 567 (1969), in which the Connecticut Supreme Court found that injuries resulting from a doctor's failure to supervise an elderly and infirm patient while she changed her clothing in a dressing room constituted medical malpractice.  The Connecticut Supreme Court found that such allegations of failure to supervise, even when sounded in negligence, were actually claims for medical malpractice.

The second type of allegation, as a failure-to-respond claim, is not one that sounds in medical malpractice.  Plaintiff's allegations that defendant's staff members failed to respond to her calls for assistance do not turn on medical judgment.

Therefore, plaintiff need not file a statement pursuant to section 52-190a before asserting this claim.  See Tutunjian v. Bridgeport Hosp., 2004 Conn. Super. LEXIS 3792 (Conn. Super. Ct. Dec. 28, 2004) (denying motion to strike on claim that defendant-hospital failed to respond to plaintiff's calls for assistance).

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for judgment on the pleadings (Doc. #17) only as to plaintiff's claims that defendant failed to supervise her while she used the bathroom and failed to check up on her regularly.  As to plaintiff's claim that defendant failed to respond to her calls for assistance, defendant's motion is DENIED.  Plaintiff is instructed to file an amended complaint within ten days of the filing of this ruling.

Dated at Bridgeport, Connecticut, this 14th day of January, 2009.


_____/s/_____
Warren W. Eginton
Senior United States District Judge