UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE LARSON, EXECUTRIX OF THE ESTATE OF GLADYS BYCZAJKA,<br>    Plaintiff, | : <br> : <br> : <br> : | |
| v. | : | 7:08-cv-455 (WWE) |
| BRIGHTEN GARDENS,<br>    Defendant. | : <br> : <br> : | |

### **RULING ON DEFENDANT'S MOTION TO STRIKE**

Following this Court's ruling granting in part defendant's motion for judgment on the pleadings (Doc. #21) and plaintiff's subsequent filing of an amended complaint (Doc. #22), defendant has moved to strike portions of that amended complaint that allegedly do not comply with the Court's previous ruling (Doc. #24). Specifically, defendant contends that paragraphs 9(a), 9(d) and 10(a) fail to follow the instructions of the Court's previous ruling. Plaintiff agrees that paragraph 10(a) should be stricken.

The Court's previous ruling dismissed plaintiff's allegations based on claims of medical malpractice. Specifically, the Court ruled that plaintiff's claims that defendant did not properly supervise and check on plaintiff while she used the bathroom could not be sustained because plaintiff had failed to meet the requirements of section 52-190a(a) of the Connecticut General Statutes by not including an opinion of a health care provider that defendant's conduct was negligent.

Paragraphs 9(a) and 9(d) of the amended complaint claims that plaintiff's decedent's injuries were due to (1) defendant having inadequate staff to provide the necessary services to their residents such as checking on their status and helping them

1

with activities that if attempted without the proper supervision could lead to serious injury and (2) defendant providing insufficient safety precautions in decedent's bathroom. Both of these allegations can be reduced to claims that defendant did not provide proper medical treatment within its facility. Therefore, they may not be asserted absent a statement pursuant to section 52-190a(a). See Levett v. Etkind, 158 Conn. 567 (1969). Accordingly, the Court will grant defendant's motion to strike.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to strike (Doc. #24). Plaintiff has five days from the date of this ruling to file an amended complaint.

Dated at Bridgeport, Connecticut, this 24th day of February, 2009.

                                                /s/
                                      Warren W. Eginton
                                      Senior United States District Judge