UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORRAINE LARSEN, EXECUTRIX OF THE
ESTATE OF GLADYS BYCZJAKA,

Plaintiff,

7:08-cv-455 (WWE)

v.

BRIGHTEN GARDENS,

Defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action arises from plaintiff's claim that defendant, a senior living facility in Stamford, Connecticut, failed to provide a safe living environment and ensure that no harm came to Gladys Byczajka, now deceased.  Plaintiff's amended complaint (doc. # 27) seeks relief for claims of negligence, theft, negligent infliction of emotional distress and breach of contract.  Now pending before this Court is defendant's motion for summary judgment on all counts of the amended complaint.  For the reasons set forth herein, this Court will grant in part and deny in part defendant's motion.

## BACKGROUND

The parties have submitted briefs, a stipulation of facts and supporting exhibits.  These submissions reveal the following undisputed facts.  Plaintiff Lorraine Larsen is the executrix of her late mother Gladys Byczajka's estate.  Defendant Brighten Gardens is a senior living and assisted living facility located in Stamford, Connecticut, run by

1

Sunrise Senior Living, Inc.  Byczajka was a resident of Brighten Gardens in March 2006.  On March 4, 2006, Byczajka fell while in the bathroom and injured her hip.  The staff at Brighten Gardens came to assist Byczajka forty-five minutes after Byczajka's initial call for help.  Byczajka was transported to a hospital where she was treated for her injuries.  Byczajka did not return to Brighten Gardens.

As administrator for Byczajka's estate, Larsen brings this action against Brighten Gardens.  Count One of plaintiff's amended complaint alleges that defendant was negligent in not responding to decedent's calls for assistance made through a call button worn around her neck.  Count Two alleges that Byczajka was the victim of theft by staff at Brighten Gardens.  Count Three alleges that Brighten Gardens negligently inflicted emotional distress upon Byczajka by not responding to Byczajka's call for help within a reasonable time.  Count Four alleges that Brighten Garden's actions in response to Byczajka's fall constitute a breach of contract.

Plaintiff's complaint was filed on March 7, 2008 in Connecticut Superior Court.  Defendant removed this action to this Court on March 28, 2008.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991). The burden is on the

moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Defendant moves for summary judgment on all four counts. Counts One and Three allege negligence and negligent infliction of emotional distress, respectively, arising out of defendant's failure to respond immediately to Byczajka's call for help.

The determination of whether an act is negligent is a matter for the jury. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982). Specifically in this case, the issue of whether a forty-five minute delay in responding to a call for help is a breach of the duty of care is a material factual issue within the province of the juries' duties. Therefore, summary judgment will not enter as to Counts One and Three.

Defendant also argues that summary judgment is appropriate as to Count One because the damages sought are subsumed by those claimed in Count Three. While plaintiff may not recover the same item of damages twice, she is entitled to plead in the alternative and to assert more than one cause of action. Also, there is a component of damages to the negligence count, which may not be covered by the negligent infliction

of emotional distress count, if plaintiff were to prevail. Finally, "the foreseeability requirement in a negligent infliction of emotional distress claim is more specific than the standard negligence requirement that an actor should have foreseen that his tortious conduct was likely to cause harm." Olson v. Bristol-Burlington Health Dist., 87 Conn. App. 1, 5 (2005). For these reasons, the Court will deny summary judgment as to Count One.

Defendant seeks summary judgment on Count Two for civil theft. The elements of statutory civil theft are the same as those for conversion, but theft requires the additional proof of intent. To prevail on Count Two, plaintiff must show that (1) there was an intent to do the act complained of, (2) the act was done wrongfully, and (3) the act was committed against the owner of the property. Sullivan v. Delisa, 101 Conn. App. 605, 620 (2007).

Plaintiff has adduced no evidence from which a reasonable juror could find that Brighten Gardens is liable for the alleged theft of medication belonging to the deceased by one of its employees. Plaintiff has been unable to identify the specific medication that was allegedly stolen or the employee who allegedly engaged in this act. The only individuals who would have knowledge of this act would be defendant's employees and they deny any wrongdoing. Plaintiff has been unable to identify any material issues of fact or make a sufficient showing as to any of the elements of this cause of action, which would preclude the entry of summary judgment. Therefore, this Court will grant summary judgment on Count Two.

Finally, defendant argues that summary judgment is appropriate as to Count Four, for breach of contract, because this claim is in effect a negligence claim, already

asserted in Count One.  There is no prohibition against asserting a cause of action for negligence and for breach of contract.  This is true, so long as the plaintiff does not couch a "claim that one has breached a standard of care in the language of contract", which happens when the statute of limitations for a negligence action has expired. Caffery v. Stillman, 79 Conn. App. 192, 197 (2003).  Here, decedent and the defendant entered into a residency agreement which outlines the rights and responsibilities of both parties to the contract.   At issue, is Art. II Sect, A.1.l. of the residency agreement, which provides that the resident will, among other services, receive the following service:

> l.    An emergency call response system in every Suite. A staff member is available at all times and can request emergency medical assistance from emergency  services (such as 911 and private ambulances) available in the area.

The decedent contracted for the specific result that a staff member be "available at all times", which plaintiff alleges was breached by the delayed forty-five minute response time.  Therefore, plaintiff on behalf of her mother has a viable cause of action for breach of contract, which is distinct from the negligence claim.  Notwithstanding this distinction, it remains to be seen whether the plaintiff can prove that the plain language of the contract supports the conclusion that a forty-five minute delay constituted a breach of the residency agreement.

A contract must be viewed in its entirety, and every provision must be given effect if it is possible to do so.  United Illuminating Co. v. Wisvest-Connecticut, LLC, 259 Conn. 665, 670-71 (2002).  In interpreting contract terms, the Court must afford the language used "its common, natural and ordinary meaning and usage where it can be

sensibly applied to the subject matter of the contract." Wolosoff v. Wolosoff, 91 Conn. App. 374, 381 (2005). Where the language of the contract is clear and unambiguous, the contract should be given effect according to its terms. Breiter v. Breiter, 80 Conn. App. 332, 336 (2003). A contract "term not expressly included will not be read into a contract unless it arises by necessary implication from the provisions of the instrument." Heyman v. CBS, Inc., 178 Conn. 215, 227 (1979). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." Barnard v. Barnard, 214 Conn. 99, 110 (1990).

A contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself. Levine, 232 Conn. at 278-279. The ambiguity "must emanate from the language used" by the parties. United Illuminating Co., 259 Conn. at 671. If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous. Lopinto v. Haines, 185 Conn. 527, 538 (1981). The question of whether a contractual provision is ambiguous presents a question of law. LMK Enterprises, Inc. v. Sun Oil Co., 86 Conn. App. 302, 306 (2004). Where a contract term is found to be ambiguous, the court may properly discern the intent of the contract through consideration of extrinsic evidence. See United Illuminating Co, 259 Conn. at 675.

The Court cannot discern the intent of the residency agreement from the plain language of Art. II Sect, A.1.l. Whether "at all times" meant immediate response from the staff members is not clear from the plain language. Moreover, no extrinsic evidence has been provided that would reconcile the ambiguity. Thus, the Court finds that

disputed issues of fact preclude summary judgment as to the obligation of the defendant under the residency agreement.

## CONCLUSION

For the foregoing reasons summary judgment is **DENIED** in part and **GRANTED** in part.  Summary judgment is **DENIED** as to Counts One, Three and Four. Summary judgment is **GRANTED** as to Count Two.  Plaintiff is instructed to file an amended complaint within ten (10) days of this Order.

                                                /s/
                                    Warren W. Eginton
                                    Senior United States District Judge

Dated at Bridgeport, Connecticut this 18th day of September, 2009.