UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE LARSEN, EXECUTRIX OF ) <br> THE ESTATE OF GLADYS BYCZAJKA ) <br> Plaintiff, ) <br> ) <br> v. ) <br> SUNRISE SENIOR LIVING ) <br> MANAGEMENT, INC. D/B/A ) <br> BRIGHTON GARDENS, ) <br> Defendant. ) | Docket No.: 3:08-cv-00455-WWE <br><br><br> September 20, 2010 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S ARREST FOR CREATING A PUBLIC DISTURBANCE AT A BRIGHTON GARDENS' SISTER FACILITY

The defendant, Sunrise Senior Living Management, Inc. ("the defendant"), submits this opposition to the plaintiff's motion in limine to exclude evidence regarding the plaintiff's arrest for creating a public disturbance at Brighton Gardens' sister facility, Sunrise of Stamford.

The plaintiff argues in her motion in limine that the defendant should be precluded from introducing into evidence a police report from the Stamford Police Department pertaining to her arrest at Sunrise of Stamford for creating a public disturbance in violation of Conn. Gen. Stat. § 53a-181a after engaging in a dispute with Sunrise of Stamford's staff, paramedics, police officers, and a physician relating to the decedent's medical care. The plaintiff also contends that the witnesses who would be called to testify regarding this incident, Catherine Snook, Joseph Rainone and Michael Franzetti, should be precluded from testifying.

In support of this argument, the plaintiff contends that this evidence should be excluded because it is irrelevant character evidence that "in no way bears on [her] truthfulness" and should be excluded under Fed. R. Evid. 402, Fed. R. Evid. 404(a)(3), and Fed. R. Evid. 608(b). However, the plaintiff's arguments lack merit, given that U.S. Supreme Court and Second

1287454v1

Circuit precedent establish that evidence of bias is always relevant and admissible to impeach a witness, even when such evidence is not independently admissible under Rule 608.

## I. BACKGROUND ON THE ARREST

On November 27, 2006, at approximately 12:30 p.m., officers from the Stamford Police Department were dispatched to Sunrise of Stamford on the report of a disorderly person interfering with the care being given by paramedics. Upon arrival, the police learned that paramedics were attempting to effectuate an order from Dr. Fang Wang to take the decedent to Stamford Hospital for treatment due to troubled breathing, but that the plaintiff was inside the decedent's room, refusing to allow the paramedics to work on her. *See* Exhibit 1, Stamford Police Report.

The police entered the room and found the plaintiff arguing with Catherine Snook, R.N., the supervisor on duty. The police explained to the plaintiff several times that she would have to leave the room to allow the paramedics to work on the decedent. The plaintiff continued to insist that she was not going to allow the paramedics to transport the decedent to the hospital. *See* Ex. 1.

The plaintiff left the room to allow the paramedics to work on the decedent, only to continue arguing loudly with the police in the hallway and to make several attempts to get past one of the officers and back into the room. After the police were able to calm her down and convince her to sit on the couch, Ms. Larsen made several more attempts to push past the officers that were blocking her from the decedent's room. Ultimately, the police were forced to arrest the plaintiff for her behavior. While placing her under arrest, the police were required to physically restrain her as she continued to struggle, causing the arresting officer and herself to fall to the

ground and requiring the police to physically restrain her. The plaintiff continued to be loud and agitated until her arrival at the police station. *See* Ex. 1.

A police report was made summarizing this incident. The report consists of observations made directly by the responding officers. *See* Ex. 1. As a result of this episode, the plaintiff has filed suit against the arresting officers under the Civil Rights Act, 42 U.S.C. § 1983. That case is pending in the U.S. District Court for the District of Connecticut (New Haven). *See* Exhibit 2, Complaint from Plaintiff's Civil Rights Case, *Larsen v. Rainone et al.*, No. 3:09CV00287 (JCH).

## II.   LEGAL ARGUMENT

The plaintiff argues that the evidence relating to her arrest should be excluded because it is irrelevant character evidence that "in no way bears on [her] truthfulness" and should be excluded under Fed. R. Evid. 402, Fed. R. Evid. 404(a)(3), and Fed. R. Evid. 608(b). The plaintiff's argument fails for the following reasons.

The Rules' basic standard of relevance is "a liberal one." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 587 (1993); *Highland Capital Management, LP v. Schneider*, 551 F. Supp. 2d 173, 188-89 (S.D.N.Y. 2008) (noting "liberal requirements of Rule 401"). "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Evidence concerning the bias and credibility of the witness is admissible because a "successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony." *U.S. v. Figueroa*, 548 F. 3d 222, 229 n.8 (2008); *United States v. Abel*, 469 U.S. 45, 51 (1984). Proof of bias is "almost always relevant because the jury, as finder of fact and weigher of

credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Abel,* 469 U.S. at 52; *see also Figueroa,* 548 F. 3d at 230; *Chance v. Kupek,* No. 3:96CV2204AHNHBF, 1998 WL 846740, at *5 (D. Conn. Nov. 18, 1998) (*Nevas, J.*) (explaining impeachment of witness by showing that he had filed lawsuits against prison officials was appropriate).[1]

Further, contrary to the plaintiff's argument, evidence of impeachment for bias is admissible under Rule 402 even when the impeachment material does not concern the witness's character for truthfulness or untruthfulness and thus is "not independently admissible under Rule 608." *Figueroa,* 548 F. 3d at 229; *Abel,* 469 U.S. at 51, 55-56 & n. 4.

As the plaintiff is both a key witness in this case and the person who initiated the present matter in her capacity as the executrix of the decedent's estate, the defendant intends to introduce the disputed evidence to show bias, and specifically, that the current action stems, in part, from the plaintiff's own desire for retribution against the defendant for undertaking reasonable action which lead to her arrest. The existence of such feelings is also evidenced by her ongoing civil claim against the arresting officers, which indicates that the plaintiff believes that she was victimized on the day of her arrest, an event in which the defendant played an intricate and adversarial part. *See* Ex. 2.

The police report and testimony from the witnesses to the arrest would clearly be considered evidence of the plaintiff's "bias," which relates to her "witness' like, dislike, or fear of a party, or by [her] self-interest." *Figueroa,* 548 F. 3d at 230; *Abel,* 469 U.S. at 52. Accordingly, the defendant should be permitted to introduce this evidence, and the plaintiff's motion in limine to exclude evidence regarding the plaintiff's arrest for creating a public

---

[1] "Impeachment of witnesses through a showing of bias or interest aids the jury in its difficult task of determining facts when it is faced with contradictory assertions by witnesses on both sides of the case." *Collins v. Wayne Corp.,* 621 F. 2d 777, 784 (1980).

1287454v1

disturbance at Sunrise of Stamford should be denied. *See Figueroa*, 548 F. 3d at 230 (holding district court abused its discretion and erroneously applied Fed. R. Evid. 608 by restricting cross-examination of defendant regarding defendant's swastika tattoos because they were "indicative of bias"); *Abel,* 469 U.S. at 48-49 (holding trial court property admitted evidence that defendant and witness were both members of secret prison organization with creed that required members to lie, cheat, steal, and kill to protect other members because evidence was relevant to bias/credibility).[2]

        THE DEFENDANT,
        SUNRISE SENIOR LIVING MANAGEMENT, INC.
        D/B/A BRIGHTON GARDENS
        By its attorneys,

        */s/ Corey M. Dennis*
        Corey M. Dennis
        Federal Bar No. ct28166
        cdennis@morrisonmahoney.com
        Joseph M. Desmond
        Federal Bar No. PHV03346
        jdesmond@morrisonmahoney.com
        MORRISON MAHONEY LLP
        250 Summer Street
        Boston, MA 02210
        Phone: (617) 439-7500
        Fax: (617) 439-7590

Dated: September 20, 2010

---

[2] Under the Federal Rules of Evidence, police reports are admissible as public records. *See* Fed. R. Evid. 803(8)(B); *see also Zahrey v. City of New York*, 2009 WL 54495, at *7 (S.D.N.Y. 2009), *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991). Moreover, "[i]t is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted." *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991); *see also Pommer v. Vaughn*, No. 3:07-cv-537, 2009 WL 1490570 (D. Conn. 2009) (*Eginton, J.*). As noted above, the subject police report consists of information resulting directly from the responding officers' own observations.

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2010 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Corey M. Dennis*
Corey M. Dennis
Federal Bar No. ct28166
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: (617) 439-7500
Fax: (617) 439-7590
cdennis@morrisonmahoney.com

Dated: September 20, 2010

1287454v1