UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE LARSEN, EXECUTRIX OF THE ESTATE OF GLADYS BYCZAJKA, Plaintiff, | : : : : |
| v. | : 7:08-cv-455 (WWE) : |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., d/b/a BRIGHTON GARDENS, Defendant. | : : : |

## RULING ON DEFENDANT'S MOTION IN LIMINE

Now pending before the Court is defendant Sunrise Senior Living, Inc., d/b/a Brighten Gardens's motion in limine (Doc. #46) to preclude plaintiff Lorraine Larsen from introducing into evidence at trial any statements made by decedent Gladys Byczajka relating to the passage of time occurring between her fall at Brighton Gardens nursing home and the response by defendant's employees. For the following reasons, defendant's motion will be denied.

In its motion, defendant states that it anticipates that plaintiff will present at trial statements made by Byczajka to plaintiff and her daughter that Byczajka remained on the floor for approximately forty-five minutes after the fall before defendant's employees came to her assistance.

The Court will permit these statements to be presented to the Court under Connecticut's Dead Man's Statute, Conn. Gen. Stat. § 52-172, which provides, in pertinent part:

> In actions by or against the representatives of deceased persons, and by or against the beneficiaries of any life or accident insurance policy insuring a person who is deceased

1

> at the time of the trial, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence.

The Dead Man's Statute is a rule of substantive law and not purely an evidentiary rule. As such, it applies in diversity cases such as this one. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). See also Rosenfeld v. Basquiat, 78 F.3d 84, 88 (2d Cir. 1996) (addressing New York's Dead Man's Statute); Estate of Genecin v. Genecin, 363 F. Supp. 2d 306, 313 (D. Conn. 2005) (addressing Maryland Dead Man's Statute).

In this matter, the conditions of section 52-172 are satisfied. The Court puts no weight into the fact that courts have stated that the Connecticut Dead Man's Statute "creates an exception to the hearsay rule." Pender v. Matranga, 58 Conn. App. 19, 28 (2000). To do so would be to elevate form over function. Just as the Court of Appeals and this Court have applied the New York and Maryland Dead Man's Statutes, this Court will apply the analogous Connecticut statute. The Court also concludes that the statements are admissible under Rule 403 as the probative weight of the evidence outweighs the prejudicial value.

The Court will not admit these statements as excited utterances under Federal Rule of Evidence 803(2) as the time lag between the fall and the statement is too long.

The Court will address the remaining motions in limine at trial.

For the foregoing reasons, the Court DENIES defendant's motion in limine (Doc. #47).

Dated at Bridgeport, Connecticut, this 20th day of October, 2010.

                                      /s/
                                  Warren W. Eginton
                                  Senior United States District Judge